UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., | ) CHAPTER 11 |
|  | ) CASE NO. 12- |
|  | ) |
| Debtor. | ) |
|  | ) |

**DEBTOR'S APPLICATION TO EMPLOY MURTHA CULLINA LLP
AS COUNSEL TO THE DEBTOR-IN-POSSESSION**

Pursuant to § 327(a) of the Bankruptcy Code, Fed. R. Bank. P. 2014 and MLBR 2014-1, the above-captioned debtor-in-possession, New England Compounding Pharmacy, Inc. (the "Company"), hereby requests the entry of an Order authorizing the Company to employ Daniel C. Cohn and the law firm of Murtha Cullina LLP (collectively, the "Firm") as its bankruptcy counsel in this chapter 11 case. In support of this Application, the Company respectfully states:

**BACKGROUND**

1. On December 21, 2012, the Company filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. The Company continues to own and manage its assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. The Company is a compounding pharmacy which combines ingredients to create specific formulations of pharmaceutical products. Prior to the Petition Date, numerous individuals across the country were stricken with fungal meningitis attributed to contaminated products distributed by the Company. In early October, NECC initiated a nationwide recall of potentially contaminated product and, in cooperation with regulatory authorities, ceased

operation. More than 100 lawsuits have been filed and hundreds more are expected in connection with this tragic occurrence.

4.      Through this Chapter 11 case, NECC seeks to forge a consensual, comprehensive resolution of these claims in the form of a Chapter 11 plan establishing a compensation fund for meningitis claimants based on agreements to be reached among them, the Company, its insurers and other parties with potential liability for the meningitis cases. To spearhead this effort, the directors and shareholders appointed Keith D. Lowey of Verdolino & Lowey, P.C. as independent director and chief restructuring officer with plenary and exclusive authority over matters related to personal injury claims and the Company's conduct of this Chapter 11 case. The Company's goal is to provide a greater, quicker, fairer and less expensive payout to its creditors than they could achieve through piecemeal litigation.

## RETENTION OF MURTHA CULLINA

5.      The Company seeks the entry of an Order authorizing the employment of the Firm as its counsel in this case pursuant to Section 327 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1.

6.      The Company has selected the Firm because of the Firm's extensive experience in bankruptcy matters, and the Company believes that the Firm is well qualified to represent it in this case. The Company requires the retention of the Firm to perform the legal services necessary to assist the Company in performing its duties as a debtor-in-possession.

7.      The professional services that the Firm is to render to the Company in this case include the following:

    a.   Advising the Company with respect to its rights, powers and duties as debtor-in-possession in the management of its assets;

    b. Advising and assisting the Company in connection with the potential disposition of any property;

    c. Advising the Company with respect to any Chapter 11 plan and any other matters relevant to the formulation and negotiation of a plan;

    d. Preparing, on the Company's behalf, all necessary and appropriate applications, motions, answers, orders, reports, and other pleadings and other documents, and reviewing all financial and other reports filed in this Chapter 11 case;

    e. Advising the Company with respect to, and assisting in the negotiation and documentation of, financing agreements, cash collateral orders and related transactions;

    f. Reviewing and analyzing the nature and validity of any liens asserted against the Company's property and advising the Company concerning the enforceability of such liens;

    g. Advising the Company regarding its ability to initiate actions to collect and recover property for the benefit of its estate;

    h. Advising the Company concerning executory contracts and unexpired leases, including assumptions, assignments, rejections, renegotiations and recharacterizations;

    i. Reviewing and analyzing the claims of the Company's creditors, the treatment of such claims and the preparation, filing or prosecution of any objections to claims;

    j. Representing the Company at all hearings and matters pertaining to the above, and to any aspect of its affairs as debtor and debtor-in-possession;

    k. Commencing and conducting any and all litigation necessary or appropriate to assert rights held by the Company, protect assets of the Company's Chapter 11 estate or otherwise further the goals of the Company in this case; and

    l. Performing all other legal services and providing all other necessary legal advice to the Company as debtors-in-possession that may be necessary or appropriate in the Company's bankruptcy proceeding.

    8. The Firm will seek compensation based upon its normal and usual billing rates, and will seek reimbursement of expenses. From time to time, the Firm adjusts its usual hourly billing rates in the ordinary course of its business. In the event of such an adjustment, the Firm

will seek compensation at the adjusted hourly rate for services rendered from and after the effective date of the adjustment.

9. The Firm will maintain detailed contemporaneous records of time spent as described above by category and nature of services rendered. The Firm will also maintain detailed records of its reimbursable expenses incurred in connection with such services. The Firm reserves the right to seek an enhancement of its fees or a lodestar award greater than its normal hourly time charges. All of the foregoing shall be subject to this Court's approval in accordance with applicable law.

10. The Firm is holding a retainer, supplied by the Company prior to the Petition Date, in the amount of $126,806.50.

11. The Firm requests that it receive compensation for services rendered to the Company in accordance with any applicable interim compensation procedures established by the Court, and that it be authorized to apply its retainer to invoices as they are rendered, in each case subject to allowance by this Court upon appropriate application pursuant to §§ 330 and 331 of the Bankruptcy Code, LBR 2016 and any orders of this Court.

## DISINTERESTEDNESS OF MURTHA CULLINA

12. The Firm has filed the Declaration of Daniel C. Cohn in connection with this application and in accordance with Federal Rules of Bankruptcy Procedure 2014 and 2016 and MLBR 2014-1 (the "Declaration").

13. To the best of the Company's knowledge, (a) the Firm has not represented, nor does it now represent, any interest adverse to the Company with respect to the matters on which the Firm is to be employed, and (b) the Firm and its attorneys are otherwise disinterested persons with respect to the Company, as that term is defined in the Bankruptcy Code.

14. The Firm has agreed to further amend or supplement the Declaration to any extent necessary.

15. The Company will provide notice of this application by serving a copy of it upon the United States Trustee, all creditors known to claim a security interest in some or all of the Company's assets, the Company's 20 largest unsecured creditors and all parties that have filed a notice of appearance and request for service of papers in these cases. The Company requests that the Court find such notice of this application to be good and sufficient in the circumstances.

WHEREFORE, the Company requests that this Court enter an Order authorizing the Company to employ the law firm of Murtha Cullina LLP to represent it in this case, with such compensation and reimbursement of expenses as applicable law may allow, and that this Court grant such other and further relief as may be just and proper.

Respectfully submitted,

NEW ENGLAND COMPOUNDING
PHARMACY, INC.,

By: _____
Keith D. Lowey, Chief Restructuring Officer

Dated: December 21, 2012

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., | ) ) ) | CHAPTER 11 CASE NO. 12- |
| Debtor. | ) ) ) | |

**DECLARATION OF DANIEL C. COHN IN SUPPORT OF
APPLICATION TO EMPLOY MURTHA CULLINA LLP
AS COUNSEL TO DEBTOR-IN-POSSESSION**

    Pursuant to Fed. R. Bankr. P. 2014(a), MLBR 2014-1 and 11 U.S.C. § 327, I, Daniel C. Cohn, hereby declare as follows:

1. I am an attorney duly admitted to practice before the courts of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, the United States Courts of Appeal for the First and Third Circuits, and the Supreme Court of the United States.

2. I am a partner in the law firm of Murtha Cullina LLP, 99 High Street, Boston, Massachusetts ("the Firm").

3. I hereby represent that to be best of my knowledge, information and belief, neither I nor any member of the Firm holds or represents any interest adverse to the estate of New England Compounding Pharmacy, Inc. (the "Company").

4. To the best of my knowledge, information and belief, neither the Firm nor any member of the firm of the Firm has any connection with any Bankruptcy Judge in the District of Massachusetts, the Company, any creditor or other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee that would render the employment of the undersigned and the Firm improper.

5. Due to the size and diversity of the Firm's practice, the Firm may have represented or otherwise dealt with, and may now be representing or otherwise dealing with, various persons (and their attorneys and accountants) who are or may become creditors, other parties in interest or professionals in this case. To the best of my knowledge, information and belief, any such representation or involvement does not relate in any way to the Company, its estate or this pending case. To the best of my knowledge, after due inquiry, the Firm:

4255247-1

7

    (a)    is not a creditor of the Company or any equity security holder of the Company or an "insider" of the Company, as the term is defined at 11 U.S.C. § 101(31);

    (b)    is not and has not been, within two years before the date of the filing of the petition, a director, officer or employee of the Company; and

    (c)    does not have an interest materially adverse to the interests of the Company's estate, or of any class of creditors or equity security holders thereof, by reason of any direct or indirect relationship to, connection with, or interest in the Company, or for any other reason.

6. I hereby represent that to the best of my knowledge, information and belief, I and each member of the Firm is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

7. I hereby represent that I have not agreed to share with any person, except members of the Firm, the compensation to be paid for the services rendered in this case.

8. Prior to commencement of this case, the Company provided the Firm with a retainer of $200,000, the source of which was, upon information and belief, a loan to the Company, subordinated in right of payment to all allowed claims against the Company, by Ameridose, Inc., a corporation owned by the same individuals as the Company. The reason for this one-time loan was to assure that the Company would not violate an injunction not to transfer funds out of the ordinary course of business. The funds were remitted to the Firm directly by Ameridose, Inc. The Firm immediately before commencing this case applied a total of $73,193.50 of that retainer to pay for prepetition services. The Firm is holding the balance of the retainer, $126,806.50, as security for services to be rendered in connection with its representation of the Company in this case. The Firm has received no other payments from the Company or any other party related to this case. Subject to the Court's approval of the retention of the Firm as counsel to the Company, the Firm will hold the Retainer in its client funds account as security during this case. The Firm was not a creditor of the Company as of the Petition Date.

9. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstance relating thereto.

10. I have reviewed the provisions of MLBR 2016-1.

I DECLARE UNDER THE PENALTY OF PERJURY THAT TO THE BEST OF MY KNOWLEDGE, THE FOREGOING IS TRUE AND CORRECT.

DATED THIS 21st DAY OF DECEMBER, 2012.

/s/ Daniel C. Cohn
Daniel C. Cohn