UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., | ) ) ) | CHAPTER 11 CASE NO. 12-19882-HJB |
| Debtor. | ) ) ) | |

**MOTION OF THE DEBTOR FOR AN ORDER ESTABLISHING INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Pursuant to 11 U.S.C. §§ 105(a) and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedures and MLBR 9009-2, New England Compounding Pharmacy, Inc., the debtor-in-possession in the above-captioned Chapter 11 case (the "Company"), respectfully requests that the Court enter an order establishing procedures for interim compensation and reimbursement of expenses of Chapter 11 professionals on a monthly basis. In support of this Motion, the Company respectfully states at follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 330 and 331 of title 11 of the United States Code and MLBR 9009-2.

2.     On December 21, 2012, the Company filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

4202197v2

3.  The Company continues to own and manage its assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## Background

4.  The Company is a compounding pharmacy which combines ingredients to create specific formulations of pharmaceutical products. Prior to the Petition Date, numerous individuals across the country were stricken with fungal meningitis attributed to contaminated products distributed by the Company. In early October, NECC initiated a nationwide recall of potentially contaminated product and, in cooperation with regulatory authorities, ceased operation. More than 100 lawsuits have been filed and hundreds more are expected in connection with this tragic occurrence.

5.  Through this Chapter 11 case, NECC seeks to forge a consensual, comprehensive resolution of these claims in the form of a Chapter 11 plan establishing a compensation fund for meningitis claimants based on agreements to be reached among them, the Company, its insurers and other parties with potential liability for the meningitis cases. To spearhead this effort, the directors and shareholders appointed Keith D. Lowey of Verdolino & Lowey, P.C. as independent director and chief restructuring officer with plenary and exclusive authority over matters related to personal injury claims and the Company's conduct of this Chapter 11 case. The Company's goal is to provide a greater, quicker, fairer and less expensive payout to its creditors than they could achieve through piecemeal litigation.

## Relief Requested

6.  Pursuant to §§ 327 and/or 328 of the Bankruptcy Code, the Company has filed applications to approve the retention of Murtha Cullina LLP as bankruptcy counsel to the

Company and Verdolino & Lowey, P.C. as accountants and financial advisors. The Company may seek to employ special counsel as well.

7. Pursuant to §§ 1102 and 1103 of the Bankruptcy Code, the Company anticipates that one or more committee of creditors may be appointed.

8. The Company requests the entry of an order authorizing and establishing procedures for compensating and reimbursing the professionals employed by authority of the Court pursuant to §§§ 327, 328, 1102 and 1103, as applicable (the "Professionals") on a monthly basis, conforming to the procedures set forth in MLBR Appendix 6(b).[1] Such an order will enable this Court, the United States Trustee, and all other parties in interest to monitor effectively the Professionals' fees and expenses incurred in these cases. See, e.g., In re ACT Mfg., Inc., 281 B.R. 468, 479 (Bankr. D. Mass. 2002); In re Malden Mills Indus., Ind., 281 B.R. 493 (Bankr. D. Mass. 2002).

9. As set forth in MLBR Appendix 6(b), the Company proposes that the monthly compensation and reimbursement of expenses be structured as follows:

(1) Scope of Applicability. All Professionals retained in this Chapter 11 case pursuant to 11 U.S.C. § 327 or § 1103 (each, a "Professional") may seek post-petition interim compensation pursuant to these procedures (the "Administrative Fee Order").

(2) Submission and Monthly Statements: On or before the twenty fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to the order approving these procedures (the "Administrative Fee Order") shall serve a monthly fee and expense statement (the "Monthly Fee Statement") upon the following persons (collectively, the "Notice Parties"):

   A. the Company, New England Compounding Pharmacy, Inc., c/o Verdolino & Lowey, P.C., 124 Washington Street, Foxborough, Massachusetts 02035, Attn: Keith D. Lowey

---

[1] The only substantive change to the interim compensation procedures set forth in Appendix 6(b) is the clarification regarding the timing for payment of the 10% Holdback in Section (7)A.

4261987-1                                           3

      B.      counsel to the Company, Murtha Cullina LLP, 99 High Street, Boston, Massachusetts 02110 (Attn: Daniel C. Cohn, Esq.)

      C.      the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts 02109 (Attn: John Fitzgerald, Esq.); and

      D.      any other party the Court may so designate.

(3)      <u>Content of Monthly Fee Statement</u>. Each Monthly Fee Statement shall contain an itemization of time spent and the applicable hourly rate. All timekeepers must maintain contemporaneous time entries in increments of one tenth (1/10th) of an hour, which may be redacted when appropriate to maintain privilege or confidentiality.

(4)      <u>Review Period</u>. Each person receiving a Monthly Fee Statement shall have twenty-one (21) days after service of the Monthly Fee Statement to review it and serve an objection (the "Objection Period").

(5)      <u>Payment</u>. In the absence of a timely served objection, the Estate Representative (as defined below) will promptly pay each Professional an amount (the "Interim Payment") equal to the lesser of (i) ninety percent (90%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Fee Statement, or (ii) ninety percent (90%) of the fees and one-hundred percent (100%) of the expenses not subject to any partial objection. The remaining ten percent (10%) of fees for services rendered during any monthly period that is not paid by way of an Interim Payment (the "10% Holdback") may be sought in an interim fee application as set forth in Section (7)A. below.

(6)      <u>Objections</u>.

      A.      If any party objects to a Monthly Fee Statement, it must serve a written objection (the "Notice of Objection to Monthly Fee Statement") and serve it upon the Professional and each of the parties served with the Monthly Fee Statement as set forth above, so that the Notice of Objection to Monthly Fee Statement is received on or before the last day of the Objection Period.

      B.      The Notice of Objection to the Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

      C.      If the Company (or any successor estate representative responsible for payment of compensation to Professionals (the "Estate Representative")) receives an objection to a particular Monthly Fee Statement, the Estate Representative shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed, and shall promptly pay the

      remainder of the fees and disbursements in the percentages set forth above.

   D.  If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Monthly Fee Statement, and the Professional and the objecting party serve upon each of the parties entitled to service of the Monthly Fee Statement a statement indicating that the objection is withdrawn, in whole or in part, describing in detail the terms of the resolution, then the Estate Representative shall promptly pay in accordance with the percentages listed above that portion of the Monthly Fee Statement which is no longer subject to an objection.

   E.  If the parties are unable to reach a resolution to the objection within twenty-one (21) days after service of the objection, the affected Professional may either (a) move to compel the payment with the Court, together with a request for payment of the difference, if any, between the total amount of the Interim Payment sought and the portion of the Interim Payment as to which there is an objection (the "Incremental Amount"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, or any other date and time so directed by the Court, at which time it will consider and dispose of the objection, if so requested.

   F.  Neither an objection to a Monthly Fee Statement nor the failure to object thereto shall prejudice a party's right to object to any fee application on any ground.

   G.  The failure of a Professional to timely serve a Monthly Fee Statement shall not prejudice such Professional in seeking interim or final allowance of fees or expenses. Further, any Monthly Fee Statement served after the deadline for such Monthly Fee Statement shall be deemed served at the time that such Professional serves a Monthly Fee Statement for the next subsequent period and shall be subject to the Objection Deadline for the Monthly Fee Statement for such subsequent period.

 (7) <u>Fee Applications</u>.

   A.  Parties seeking compensation pursuant to an Administrative Fee Order shall file at four (4) month intervals or such other intervals directed by the Court ("Interim Period") an interim fee application. Each Professional seeking approval of its interim fee application shall file with the Court an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Fee Statements issued during such period (the "Interim Fee Application"). Together with the request for the approval of the payments previously made pursuant to any Monthly Fee Statements in an Interim Fee Application, a Party may also seek approval for payment of the 10%

4261987-1          5

        Holdback in its Interim Fee Application.

B.     Unless otherwise ordered by the Court, the Interim Fee Application shall comply with the mandates of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Massachusetts.

C.     The Interim Fee Application must be filed within forty five (45) days after the conclusion of the Interim Period.

D.     In the event any Professional fails to file an Interim Fee Application when due, such Professional will be ineligible to receive further interim payments or fees or expenses under the Administrative Fee Order until such time as the Interim Fee Application is submitted.

E.     The pendency of a fee application, or a court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement, shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

F.     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. All compensation is subject to final approval by the Court.

G.     Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement to Professionals, collect and submit statements of actual expenses incurred, with supporting vouchers, from members of the committee such counsel represents, *provided, however,* that such committee counsel ensures that these reimbursement requests comply with the applicable Rules and those guidelines.

(8)     <u>Miscellaneous</u>.

A.     Any party may object to requests for payments made pursuant to the Administrative Fee Order for good cause, including, without limitation, that the Estate Representative has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C.

       § 1930 fees.

   B.  The Estate Representative shall include all payments to Professionals on its monthly operating reports, including details of the amount paid to each Professional.

(9)  All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

  10.  The Company also requests that, in lieu of serving full copies of any Interim Fee Application and/or final fee application (collectively, the "Applications"), the Court limit service of the Applications to the Notice Parties. The Company further requests that all other parties who have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notices"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in this chapter 11 case to review and object to the Professionals' fees and will save unnecessary duplication and mailing expenses.

## **Basis for Relief**

  11.  The compensation procedures sought to be established by the Company in this case are contemplated by MLBR 9009-2, which provides, in pertinent part:

> Upon motion of the estate representative or *sua sponte*, the Court may order that one or more case management procedures be employed in order to ease the administrative burden on the parties or the Court. Such procedures may relate to, *inter alia*, omnibus hearing dates, notices of agenda, and payment of interim compensation and reimbursement of expenses and other matters typical to chapter 11 cases or cases under other chapters with sufficient complexity.

MLBR 9009-2.

12. Pursuant to § 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.

13. Entry of the Administrative Fee Order would permit the Court and all other parties to monitor more effectively the fees and expenses incurred by the Professionals retained in these cases. The Company submits that the efficient administration of the chapter 11 case will be significantly aided by establishing the foregoing compensation procedures. The procedures detailed herein substantially mirror those proposed in Appendix 6 to the MLBR and are similar to those in other chapter 11 cases in this district. See, e.g., In re SW Boston Hotel Venture LLC, et al., No. 10-14535 (JNF) [Docket No. 140]; In re Oscient Pharmaceuticals Corporation, et al., No. 09-16576 (HJB) [Docket No. 156].

14. Accordingly, based on the foregoing, the Company submits that the requested relief is necessary and appropriate, is in the best interests of the estate and creditors, and should be granted in all respects.

**Notice**

15. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case. The Company served notice of the Motion on the Office of the United States Trustee, the Company's 20 largest creditors, all parties known by the Company to have liens on or security interests in any of the Company's assets and all parties who have filed a notice of appearance in this case.

WHEREFORE, the Company respectfully requests that the Court enter an order, in substantially the form attached to this Motion as Exhibit A, establishing procedures for interim

monthly compensation and reimbursement of expenses of Professionals and granting such further relief as this Court deems just and proper.

                      Respectfully submitted,

                      NEW ENGLAND COMPOUNDING PHARMACY, INC.,

                      By its attorneys,

                      /s/ Daniel C. Cohn
                      Daniel C. Cohn, Esq. BBO #090780
                      Keri L. Wintle, Esq. BBO #676508
                      Murtha Cullina LLP
                      99 High Street, 20th Floor
                      Boston, MA  02110
                      (617) 457-4000 Telephone
                      (617) 482-3868 Facsimile
                      dcohn@murthalaw.com
Dated: December 21, 2012        kwintle@murthalaw.com

                      ***Proposed Counsel to New England Compounding Pharmacy, Inc.***

4261987-1                      9

# **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., | ) ) ) | CHAPTER 11 CASE NO. 12- |
| Debtor. | ) ) ) | |

**ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon consideration of the Motion by Company for An Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals dated December 21, 2012 (the "Motion"), whereby the above-captioned debtor-in-possession seeks to establish procedures for interim compensation and reimbursement of expenses of professionals in these jointly-administered chapter 11 cases pursuant to §§ 105(a) and 331 of the Bankruptcy Code; appropriate notice of the Motion having been provided in the particular circumstances; and this Court finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this Motion is a core proceeding under 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having found good cause for the relief sought therein; it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that, except as may otherwise be provided in orders of this Court, all professionals in these cases may seek interim compensation and reimbursement of expenses in

accordance with the procedures set forth in the Motion (the "Interim Compensation Procedures") and attached to this Order as <u>Exhibit A</u>; and it is further

ORDERED, that parties filing Interim Fee Applications (as defined in the Motion) and/or final fee application for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively, the "Applications") shall serve full copies of such Applications on the Notice Parties and shall serve notice of hearings on the Applications on all parties who have filed a notice of appearance in this chapter 11 case, which service shall constitute good and sufficient notice of the Application and the hearings thereon; and it is further

ORDERED, that Professionals (as defined in the Motion) who receive and hold prepetition retainers shall be authorized to hold such retainers as security and not be required to apply such retainer to payments on Interim Fee Applications; and it is further

ORDERED, that the Company shall be liable for all compensation due under this Order and shall include all payments made to Professionals in their monthly operating reports identifying the amount paid to each of the Professionals; and it is further

ORDERED, that all time periods referenced in this Order shall be calculated in according with Rule 9006(a) of the Federal Rule of Bankruptcy Procedure.


Dated:  December    , 2012                    _____
                                              UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

**Interim Compensation Procedures**

**Interim Compensation Procedures**

(1) <u>Scope of Applicability</u>.  All Professionals retained in this Chapter 11 case pursuant to 11 U.S.C. § 327 or § 1103 (each, a "Professional") may seek post-petition interim compensation pursuant to these procedures (the "Administrative Fee Order").

(2) <u>Submission and Monthly Statements</u>:  On or before the twenty fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to the order approving these procedures (the "Administrative Fee Order") shall serve a monthly fee and expense statement (the "Monthly Fee Statement") upon the following persons (collectively, the "Notice Parties"):

   A.   the Company, New England Compounding Pharmacy, Inc., c/o Verdolino & Lowey, P.C., 124 Washington Street, Foxborough, Massachusetts 02035, Attn: Keith D. Lowey

   B.   counsel to the Company, Murtha Cullina LLP, 99 High Street, Boston, Massachusetts 02110 (Attn: Daniel C. Cohn, Esq.)

   C.   the Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts 02109 (Attn: John Fitzgerald, Esq.); and

   D.   any other party the Court may so designate.

(3) <u>Content of Monthly Fee Statement</u>.  Each Monthly Fee Statement shall contain an itemization of time spent and the applicable hourly rate. All timekeepers must maintain contemporaneous time entries in increments of one tenth (1/10th) of an hour, which may be redacted when appropriate to maintain privilege or confidentiality.

(4) <u>Review Period</u>.  Each person receiving a Monthly Fee Statement shall have twenty-one (21) days after service of the Monthly Fee Statement to review it and serve an objection (the "Objection Period").

(5) <u>Payment</u>. In the absence of a timely served objection, the Estate Representative (as defined below) will promptly pay each Professional an amount (the "Interim Payment") equal to the lesser of (i) ninety percent (90%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Fee Statement, or (ii) ninety percent (90%) of the fees and one-hundred percent (100%) of the expenses not subject to any partial objection.  The remaining ten percent (10%) of fees for services rendered during any monthly period that is not paid by way of an Interim Payment (the "10% Holdback") may be sought in an interim fee

        application as set forth in Section (7)A. below.

(6) <u>Objections</u>.

    A.    If any party objects to a Monthly Fee Statement, it must serve a written objection (the "Notice of Objection to Monthly Fee Statement") and serve it upon the Professional and each of the parties served with the Monthly Fee Statement as set forth above, so that the Notice of Objection to Monthly Fee Statement is received on or before the last day of the Objection Period.

    B.    The Notice of Objection to the Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

    C.    If the Company (or any successor estate representative responsible for payment of compensation to Professionals (the "Estate Representative")) receives an objection to a particular Monthly Fee Statement, the Estate Representative shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed, and shall promptly pay the remainder of the fees and disbursements in the percentages set forth above.

    D.    If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Monthly Fee Statement, and the Professional and the objecting party serve upon each of the parties entitled to service of the Monthly Fee Statement a statement indicating that the objection is withdrawn, in whole or in part, describing in detail the terms of the resolution, then the Estate Representative shall promptly pay in accordance with the percentages listed above that portion of the Monthly Fee Statement which is no longer subject to an objection.

    E.    If the parties are unable to reach a resolution to the objection within twenty-one (21) days after service of the objection, the affected Professional may either (a) move to compel the payment with the Court, together with a request for payment of the difference, if any, between the total amount of the Interim Payment sought and the portion of the Interim Payment as to which there is an objection (the "Incremental Amount"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, or any other date and time so directed by the Court, at which time it will consider and dispose of the objection, if so requested.

    F.    Neither an objection to a Monthly Fee Statement nor the failure to object thereto shall prejudice a party's right to object to any fee application on any ground.

> G.  The failure of a Professional to timely serve a Monthly Fee Statement shall not prejudice such Professional in seeking interim or final allowance of fees or expenses. Further, any Monthly Fee Statement served after the deadline for such Monthly Fee Statement shall be deemed served at the time that such Professional serves a Monthly Fee Statement for the next subsequent period and shall be subject to the Objection Deadline for the Monthly Fee Statement for such subsequent period.

(7)  <u>Fee Applications</u>.

> A.  Parties seeking compensation pursuant to an Administrative Fee Order shall file at four (4) month intervals or such other intervals directed by the Court ("Interim Period") an interim fee application. Each Professional seeking approval of its interim fee application shall file with the Court an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Fee Statements issued during such period (the "Interim Fee Application"). Together with the request for the approval of the payments previously made pursuant to any Monthly Fee Statements in an Interim Fee Application, a Party may also seek approval for payment of the 10% Holdback in its Interim Fee Application.
>
> B.  Unless otherwise ordered by the Court, the Interim Fee Application shall comply with the mandates of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Massachusetts.
>
> C.  The Interim Fee Application must be filed within forty five (45) days after the conclusion of the Interim Period.
>
> D.  In the event any Professional fails to file an Interim Fee Application when due, such Professional will be ineligible to receive further interim payments or fees or expenses under the Administrative Fee Order until such time as the Interim Fee Application is submitted.
>
> E.  The pendency of a fee application, or a court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement, shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

      F.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. All compensation is subject to final approval by the Court.

      G.      Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement to Professionals, collect and submit statements of actual expenses incurred, with supporting vouchers, from members of the committee such counsel represents, *provided, however,* that such committee counsel ensures that these reimbursement requests comply with the applicable Rules and those guidelines.

(8) <u>Miscellaneous</u>.

      A.      Any party may object to requests for payments made pursuant to the Administrative Fee Order for good cause, including, without limitation, that the Estate Representative has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930 fees.

      B.      The Estate Representative shall include all payments to Professionals on its monthly operating reports, including details of the amount paid to each Professional.

(9) All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.