UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>NEW ENGLAND COMPOUNDING<br>PHARMACY, INC.,<br><br>Debtor. | ) <br>) <br>) Chapter 11<br>) <br>) Case No. 12-19882 (HJB)<br>) <br>) <br>) |

### CHAPTER 11 TRUSTEE'S MOTION FOR ORDER DESIGNATING MANNER OF SERVICE OF 9019 MOTIONS[1] AND APPROVING FORM AND MANNER OF SERVICE OF NOTICE OF HEARINGS ON 9019 MOTIONS

Paul D. Moore, the duly appointed chapter 11 Trustee ("Trustee") of New England Compounding Pharmacy, Inc. (the "Debtor" or "NECC"), hereby moves this Court (this "Motion") for entry of an order (i) designating the parties on whom he must serve copies of the 9019 Motions, and (ii) designating the form, manner and scope of service of the notice of any hearings on the 9019 Motions. In support of this Motion, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

1.      Contemporaneously with the filing of this Motion, the Trustee has filed the 9019 Motions. If approved and consummated, the settlements set forth in the 9019 Motions will provide the initial funding for a chapter 11 plan that the Trustee hopes will furnish a mechanism to provide meaningful compensation to personal injury claimants with allowed claims who have

---

[1] The "9019 Motions" are (i) Chapter 11 Trustee's Motion to Compromise Controversies and to Approve Plan Support and Funding Agreement, and Related Escrow Agreement, With Certain Insiders and Affiliates of Debtor, and for Certain Related Relief, (ii) Chapter 11 Trustee's Motion to Approve Compromise of Controversies and Settlements With Pharmacists Mutual Insurance Company and Maxum Indemnity Company, and (iii) Chapter 11 Trustee's Motion to Approve Compromise of Controversies and Insurance Settlement and Release Agreement With GDC Properties Management, LLC, its Insurer and Certain of its Insiders.

suffered death, grievous injuries and illnesses from the administration of allegedly contaminated medications compounded by NECC. Moreover, the settlements provide the framework for the terms of a chapter 11 plan, which the Trustee hopes to propose and confirm well before the end of 2014, that will maximize the recovery for all creditors on account of their allowed claims.

2.    As this Court is aware, the bar date occurred on January 15, 2014. Thus, with limited exceptions,[2] the Trustee is able to identify the universe of known creditors in this case. As of the filing of this Motion, the Trustee has been informed that Donlin, Recano & Co. ("DRC"), the Trustee's noticing agent, timely received approximately 3100 claims and accompanying PITWD Addenda[3] from individuals alleging personal injury or death due to exposure to products compounded by NECC. Additionally, DRC received PITWD Addenda from approximately 280 additional individuals who did not file formal claims. Many, but not all, individuals filing proofs of claim also are parties in the multi-district litigation proceeding pending in the United States District Court for the District of Massachusetts (the "MDL Proceeding").

3.    Pending, and subject to, approval and consummation of the settlements, the cash in the estate remains limited, largely to the remaining cash on hand, consisting of available cash when the Trustee was appointed and some $800,000 collected by the Trustee from NECC's prepetition accounts receivable, less the expenses of administering the estate. To preserve the

---

[2] This Court extended the bar date in two respects. First, this Court allowed a small number of isolated requests for additional time. Second, this Court allowed the Trustee's motion to establish a supplemental bar date with respect to potential creditors who may not have received actual notice of the original bar date due to an error by the Trustee's noticing agent. Upon information and belief, 709 potential creditors are the subject of the supplemental bar date motion previously allowed by this Court.

[3] At the Trustee's request, this Court previously required each individual filing a claim for personal injury and death to file with their proofs of claim their responses to an addendum (referred to as the "PITWD Addendum") seeking information regarding certain details about the claim and the claimant's medical condition.

2

cash on hand, and to provide notice that avoids confusion to the parties in interest who may not be represented by counsel, the Trustee seeks entry of an order, in the form attached as <u>Exhibit A</u>, (i) limiting the persons upon whom the Trustee must serve copies of the 9019 Motions, and (ii) approving the form and manner of notice of the hearing on the 9019 Motions attached as <u>Exhibit B</u> (the "<u>Hearing Notice</u>").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 1001, 2002(a)(3), 9013 and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Massachusetts Local Bankruptcy Rules ("<u>MLBR</u>") 1001-1, 2002-1(a)(2), 9013-3(a) and (b) and 9029-1(a).

## BACKGROUND

5.     On December 21, 2012 (the "<u>Petition Date</u>"), NECC filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

6.     On January 24, 2013, this Court entered an order [Docket No. 92] appointing a chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code.

7.     On January 25, 2013 (the "<u>Appointment Date</u>"), the United States Trustee (the "<u>UST</u>") filed an Application for and Certificate of Appointment of Chapter 11 Trustee [Docket No. 98] (the "<u>UST Application</u>") requesting the appointment of the Chapter 11 Trustee. The UST Application was granted by order of this Court [Docket No. 99] entered the same day. Thereafter, on February 1, 2013, the Chapter 11 Trustee filed his Verified Statement Pursuant to Rule 2007.1 of Paul D. Moore in Support of Application for and Certificate of Chapter 11

3

Trustee [Docket No. 111] (the "Statement").

A. **The 9019 Motions**

8. The 9019 Motions are complex and the result of months of negotiation. Collectively, with exhibits, the 9019 Motions are approximately 264 pages in length. In brief, the 9019 Motions seek court approval of settlements that contemplate payments to the Trustee by the settling counterparties, in excess of $100 million in the aggregate, in return for the Trustee's commitment to seek confirmation of a plan that would provide, *inter alia*, the settling counterparty with releases by the Trustee (on behalf of the Debtor and its estate) and third party releases. The monies paid to the Trustee would comprise a significant contribution to a fund that the Trustee hopes to establish under the plan to provide meaningful compensation to personal injury claimants holding allowed claims and to distribute such funds on an equitable basis to all those who suffered death or serious injuries on account of NECC products.

B. **Request to Limit Service of the 9019 Motions**

9. The Trustee requests that this Court enter an order limiting his obligation to serve full copies of the 9019 Motions only on the following parties:

    a. Those parties who will receive electronic service in this case through this Court's Electronic Case Filing ("ECF") system; and

    b. Upon counsel for those parties who have filed appearances in the MDL Proceeding by filing copies of the Hearing Notice and the 9019 Motions on the electronic docket maintained with respect to the MDL Proceeding, thereby affording notice to the numerous counsel for all plaintiffs and defendants currently involved in litigation against NECC and its various affiliates.

10. With respect to all other known creditors, the Trustee seeks this Court's authorization and approval to afford them notice and an opportunity to be heard by causing service to be made upon them by first class mail of the Notice of Hearing, which includes links to the website in this case maintained by DRC, so that any entity can download copies of the

9019 Motions at no additional charge. Further, the Hearing Notice offers those without access to the Internet the opportunity to obtain paper copies of the 9019 Motions from DRC upon written request to DRC or the Trustee's counsel.

11. The Trustee submits that this Court has authority to limit his obligation to serve the 9019 Motions as requested above pursuant to Bankruptcy Rule 9013 and MLBR 1001-1 and 9013-3(a). Bankruptcy Rule 9013(b) provides in addition that the 9019 Motions must be served on "the entities the court directs if [the Federal Rules of Bankruptcy Procedure] do not require service or specify the entities to be served." None of the Bankruptcy Rules requires service or specifies the entities to be served with the 9019 Motions.[4] Thus, by the plain language of Bankruptcy Rule 9013(b), this Court has the power to direct the entities to be served with the 9019 Motions.

12. MLBR 9013-3(a) requires that the Trustee serve the 9019 Motions "upon all interested parties and upon all parties who have filed their appearances and requested service of all pleadings filed in the case." However, this rule cannot be applied to eliminate the power conferred on this Court pursuant to Bankruptcy Rule 9013(b) to direct the entities to be served with the 9019 Motions for at least two reasons.[5] First, MLBR 9029-1(b) provides that the Bankruptcy Rules govern "[t]o the extent that a conflict appears or arises between" the Local Rules and the Bankruptcy Rules. Thus, MLBR 9013-3(a) should not operate to override the Court's power to designate the entities to receive service of the 9019 Motions conferred by Bankruptcy Rule 9013(b). Second, MLBR 1001-1 provides that the Local Rules "govern all

---

[4] Bankruptcy Rule 2002(a)(3) identifies the parties that shall receive notice of the *hearing* on a motion to approve a compromise or settlement, but does not address which parties shall receive service of the motion papers.

[5] The Trustee has not been able to find any reported decisions on point regarding the interplay of the applicable Massachusetts Local Bankruptcy Rules and the Federal Rules of Bankruptcy Procedure.

5

proceedings in bankruptcy cases *insofar as is just and practicable.*" (emphasis added). Requiring the Trustee to serve the 9019 Motions other than as requested above is neither just nor practicable. Wider service would be overbroad, exhausts more of the estate's limited resources, and risks confusing *pro se* parties regarding the contemplated settlements. By contrast, the limited service requested above ensures those who are most active in this case or in the MDL Proceeding will receive cost-effective electronic service, and that such service will be received by counsel who presumably can advise their clients appropriately about the 9019 Motions. Finally, by making the 9019 Motions available through the DRC website or upon request to DRC or the Trustee's counsel, anyone not receiving copies directly will be able to receive copies promptly upon request.

C.    **The Hearing Notice**

13.    The Trustee requests that this Court approve the form of the Hearing Notice.

14.    MLBR 9013-3(b), entitled "Notice of Hearing" provides in pertinent part as follows:

> Upon receipt of a notice of hearing from the Court, counsel (or a pro se party) shall immediately serve the notice upon all interested parties and parties who have filed their appearances and requested service of all notices in the case.

15.    The Hearing Notice closely tracks the customary form of notice issued by this Court in recognition of the command in MLBR 9013-3(b) that movants use and serve the form of the notice of hearing provided by the Court. The Hearing Notice is customized with the following alterations from the standard form, but otherwise is identical to the standard form:

   a. The Hearing Notice identifies all of the 9019 Motions in a single notice (assuming the hearings on all of the 9019 Motions will occur at the same date and time);

   b. The Hearing Notice provides the link on the DRC website where copies of the 9019 Motions can be downloaded;

6

  c. The Hearing Notice provides contact information for requests to DRC or the Trustee's counsel for paper copies of the 9019 Motions; and

  d. The Hearing Notice instructs entities to consult their own counsel with questions and not to call the Court or the Trustee for legal advice.

16. With regard to the entities to receive service of the Hearing Notice, Bankruptcy Rule 2002(a)(3) provides that the Trustee provide at least 21 days' notice by mail of the hearing on the 9019 Motions (*i.e.*, the Hearing Notice) to all creditors and indenture trustees. The Trustee does not seek to alter the scope of parties on whom he must serve the Hearing Notice. The Trustee intends to cause DRC to serve the Hearing Notice by mail on all of the known creditors (*i.e.*, those who timely filed proofs of claim or who did not receive notice of the original bar date and thus are the subject of the supplemental bar date motion previously allowed by this Court). The Trustee also intends to cause DRC to serve the Hearing Notice on other parties known by him to have set forth in writing an intention to assert a claim against the Debtor and/or its insiders and various of the NECC affiliated entities identified in the related settlement agreement but who have not, to date, commenced any lawsuit and may not have filed a claim against the Debtor.[6] Going further, the Trustee intends to post a copy of the Hearing Notice on the DRC website, and file copies of the Hearing Notice and the 9019 Motions electronically on the docket in the MDL Proceeding.

## NO FURTHER NOTICE IS NECESSARY

17. The Trustee requests that this Court determine that the foregoing notice and service protocols for both the 9019 Motions and the Hearing Notice are sufficient and proper,

---

[6] Certain states require that parties serve a "notice of claim" within a specified period of time prior to commencing a lawsuit. To date, the Trustee is aware of some 372 parties who have provided such a notice but not yet commenced a suit.

DM3\2840572.13

and that no further or other notice is required. The Trustee submits that, with passage of the bar date, there are few, if any, "unknown creditors" for whom the Trustee must provide costly[7] publication notice. *See Paging Network, Inc. v. Arch Wireless (In re Arch Wireless)*, 534 F.3d 76 (1st Cir. 2008) (actual notice required for known creditors and publication notice may suffice only for unknown creditors). As noted above, the Trustee intends to provide actual notice of the hearing on the 9019 Motions pursuant to Bankruptcy Rule 2002(a)(3) to all known creditors, as well as to those potential creditors who did not receive notice of the original bar date and thus are the subject of the supplemental bar date motion. Particularly in light of the wide publicity this case has generated nationally, the Trustee submits that no further notice of the 9019 Motions or any hearings on the 9019 Motions is necessary or required, including, without limitation, publication notice.

**WHEREFORE**, the Trustee respectfully requests that this Court approve this Motion by entering an order substantially in the form attached hereto as Exhibit A, and grant the Trustee such other and further relief as this Court deems just and proper.

Dated:   May 6, 2014                              Respectfully submitted,
         Boston, Massachusetts

                                                  **DUANE MORRIS LLP**

                                                  By: */s/ Jeffrey D. Sternklar*
                                                  Jeffrey D. Sternklar (BBO #549561)
                                                  100 High Street, Suite 2400
                                                  Boston, MA 02110-1724
                                                  Phone: (857) 488-4200
                                                  Fax: (857) 488-4201
                                                  Email: jdsternklar@duanemorris.com

---

[7] The Trustee estimates that the estate incurred costs and expenses of more than $240,000 in connection with service and publication of notice of the initial bar date, $127,028 of which was the cost of newspaper publication.