**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| IN RE<br><br>New England Compounding Pharmacy Inc., d/b/a New England Compounding Center<br><br>DEBTOR | Chapter 11<br><br>Case No. 12-19882-HJB |

**MOTION OF LEAD COUNSEL IN MDL 2419 FOR AN ORDER
AUTHORIZING MEMBERS OF THE PLAINTIFFS' STEERING COMMITTEE
TO RECIEVE ACCESS TO INFORMATION FROM PLAINTIFFS' PROOFS
OF CLAIM AND PITWD ADDENDA
[REQUEST OF EXPEDITED DETERMINATION]**

Now come the members of the Plaintiffs' Steering Committee in MDL No. 2419 by and through Thomas M. Sobol, Court-appointed Lead Plaintiffs' Counsel in the MDL, in support of the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing its Counsel to Provide its Members with Information from Plaintiffs' Proof of Claim Supporting Documentation [Dkt. No. 791] (the "OCC Motion"). For the same reasons set forth in the OCC Motion, Lead Counsel also requests the Court enter an order authorizing all members of the PSC[1] access to the same information requested by members of the OCC and on the same basis as members of the OCC – without patient identifying information and for "Attorneys' Eyes Only."

---

[1] The members of the PSC include (i) Lead Counsel in the MDL, Thomas M. Sobol of Hagens Berman Sobol Shapiro, LLP, (ii) Mark Chalos of Lieff Cabraser Heimann & Bernstein, LLP, (iii) Kim Dougherty of Janet Jenner & Suggs, LLC, (iv) Marc Lipton from Lipton Law, (v) Patrick Fennell of Crandall & Katt,(vi) J. Gerard Stranch, IV of Branstetter, Stranch &Jennings PLLC, and (vi) Mark Zamora of the Zamora Firm.

## I.   BACKGROUND

On April 9, 2013 Judge Saylor, then overseeing the MDL, appointed Lead Counsel and members of the PSC.[2] The PSC's responsibilities include the following: to "initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions," to coordinate plaintiffs' positions in hearings and in briefs in all pretrial proceedings, to coordinate the presentation of any common issues in any "bellwether" and/or "test case trials," and to "negotiate and propose settlement of cases on behalf of plaintiffs or plaintiffs groups, including . . . pursuing all settlement options concerning any claim or portion thereof of any case filed in this litigation."[3]

Since their appointment by Judge Saylor, members of the PSC have worked diligently in furtherance of the litigation on behalf of Plaintiffs in the MDL. This work has included both marshalling the evidence to conduct one or more trials of the claims against the various defendants named in the MDL but also, where possible, mediating resolution of claims pursuant to the MDL Court's voluntary mediation program.[4]

In furtherance of their responsibilities, members of the PSC have also, in consultation with a member of the OCC, made substantial progress in developing a "distribution matrix" that may be used, upon Court approval, to fairly distribute funds to tort claimants – whether those funds are made available in the NECC Bankruptcy or otherwise.

In July 2013 this Court entered a final order on the Trustee's Bar Date Motion (the "Bar Date Order").[5] The Bar Date Order allows certain "permitted parties" access to data submitted by tort claimants as part of the claims process, including data submitted on the PITWD Addendum. The PITWD Addendum collects information from each tort claimant related to his

---

[2] MDL Dkt. No. 82.
[3] *Id*. at 4.
[4] See MDL Docket No. 395.
[5] Dkt. No. 582.

or her claim, including the place and date of their injection with an NECC product and the nature and extent of their injuries. Under the Bar Date Order "permitted parties" to whom access is granted include Lead Counsel for, but not members of, the PSC.

## II.    ARGUMENT

Lead counsel in the MDL now seeks an order of this Court authorizing all members of the PSC to receive access to information provided by tort claimants in this case, included in the PITWD Addenda, without any patient identifying information.

Members of the PSC are each involved in one or more court-supervised mediations, most of which involve clinics and other health care providers that treated patients with NECC products. Members of the PSC involved in these mediations do not have access to claims information relevant to the mediating defendants – information that is possessed by the mediating defendants themselves through their own records of who received what injections and the nature and extent of any potential injuries suffered by their patients. Although Lead Counsel for the PSC has access to this information, he is restricted by the relevant confidentiality order from sharing the data with other members of the PSC. Access by all members of the PSC to this information, not just Lead Counsel, is necessary for them to fulfill their obligations with respect to mediation with defendants and to understand, for example, each mediating defendants' exposure to liability.

Likewise, the PSC's development of a distribution matrix and their ability to predict the impact of that matrix on the fair distribution of funds to tort victims depends upon an accurate understanding of the nature, extent, and number of injuries suffered by tort victims. The only comprehensive source for that information is the data provided by claimants on the PITWD Addendum.

Access by members of the PSC to the requested information is crucial if mediation of the various claims in the MDL is to succeed and if PSC members are to prepare and evaluate the distribution matrix currently under development. Each member of the PSC is prepared to execute the same form of written confidentiality agreement previously required by this Court for those granted access to this information by the Court's Bar Date Order.

### III.    CONCLUSION

Lead Counsel in the MDL respectfully requests the Court enter an order substantially in the form attached hereto as Exhibit A, authorizing all members of the PSC, upon request, be provided access to selected confidential information provided by tort claimants in their Proof of Claim and PITWD Addendum, without patient identifying information.

### REQUEST FOR EXPEDITED CONSIDERATION

The OCC Motion requested expedited determination of the issues raised in that motion. The Court granted that request and has scheduled a hearing on June 17, 2014 at _____pm. Lead Counsel in the MDL requests that the instant motion, concerning the same access to the same data as requested by the OCC, also be heard in the same hearing on June 17, 2014.

Dated: June 11, 2014

Respectfully submitted,

**/s/ Thomas M. Sobol**
Thomas M. Sobol (BBO# 471770)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com

*Plaintiffs' Lead Counsel*

4

**CERTIFICATE OF SERVICE**

    I, Thomas M. Sobol, hereby certify that I caused a copy of the above Motion of Lead Counsel in MDL 2419 for an Order Authorizing Members of the Plaintiffs Steering Committee to Receive Access to Information from Plaintiffs' Proofs of Claim and PITWD Addenda to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated:  June 11, 2014                                                **/s/ Thomas M. Sobol**
                                                                               Thomas M. Sobol (BBO# 471770)

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| IN RE<br><br>New England Compounding Pharmacy Inc.,<br>d/b/a New England Compounding Center<br><br>DEBTOR | Chapter 11<br><br>Case No. 12-19882-HJB |

**[PROPOSED] ORDER ONMOTION OF LEAD COUNSEL IN MDL 2419, FOR AN ORDER AUTHORIZING MEMBERS OF THE PLAINTIFFS STEERING COMMITTEE TO RECIEVE ACCESS TO INFORMATION FROM PLAINTIFFS' PROOFS OF CLAIM AND PITWD ADDENDA**

Upon the motion dated July 11, 2014 (the "Motion") of the Plaintiffs' Steering Committee ("PSC") in MDL No. 2419, by and through Thomas M. Sobol, Court-appointed Lead Plaintiffs' Counsel in the MDL, for entry of an order authorizing all members of the PSC, upon request, be provided access to selected confidential information provided by tort claimants in their Proof of Claim and PITWD Addendum, without patient identifying information, it is hereby ORDERED that:

1. Provided that members of the PSC have executed the requisite confidentiality agreement provided by the Trustee, Committee Counsel shall be authorized to provide members of the PSC, upon request, selected confidential information from tort claimant's Proof of Claims and PITWD Addenda on an "Attorneys' Eyes Only" basis. The information provided shall not include any patient identifying information; and

2. The selected confidential information provided shall be treated as confidential by all members of the PSC, and members of the PSC are prohibited from disclosing the information for any purpose; and

3. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2014

_____
Honorable Henry J. Boroff
UNITED STATES BANKRUPTCY
COURT

2