**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NEW ENGLAND COMPOUNDING ) | |
| PHARMACY, INC., ) | Case No.: 12-19882 (HJB) |
| ) | |
| Debtor. ) | |

**CREDITOR LIBERTY INDUSTRIES, INC.'S**
**RESPONSE TO THE MOTIONS OF THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**AND LEAD COUNSEL FOR THE PSC**
**FOR LIMITED DISCLOSURE OF PITWD ADDENDA AND DOCUMENTS**

Creditor, Liberty Industries, Inc. ("Liberty" or "Claimant") hereby responds to the *Motion of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 105(A) for an Order Authorizing its Counsel to Provide its Members With Information From Plaintiffs' Proof of Claim Supporting Documentation* [Dkt. No. 791] and *Motion of Lead Counsel in MDL 2419 for an Order Authorizing Members of the Plaintiffs' Steering Committee to Receive Access to Information from Plaintiffs' Proofs of Claim and PITWD Addenda* [Dkt No. 816] ("Motions").

1. The Official Committee of Unsecured Creditors ("Committee") seeks court approval of a limited release of information pertaining to the nature and extent of injuries suffered by personal injury tort and wrongful death claimants ("PITWD Plaintiffs"), including the PITWD Addenda and other supporting documentation that were submitted to this Court ("PITWD Data"). *See* Dkt. No. 791 at ¶ 3. The Committee argues that it is at a "serious disadvantage" when mediating because its member representatives do not have access to the PITWD Data. *Id*. Similarly, Lead Counsel for the Plaintiffs' Steering Committee ("Lead Counsel") also requests that the Plaintiffs' Steering Committee ("PSC") receive access to the

PITWD Data because it is "necessary" for them to "understand" a defendant's "exposure to liability." *See* Dkt. No. 816 at 3.

2. Liberty agrees that a party who is required to evaluate and develop a case strategy without any substantive knowledge of the nature and extent of tort plaintiffs' injuries is at a "serious disadvantage." However, the Committee's Motion fails to take into consideration the interests of <u>all</u> of those creditors purportedly represented by the Committee, and Lead Counsel's Motion does not go far enough. The Motions are narrowly tailored to only provide access to the Committee and the PSC, and not to other general unsecured creditors, such as Liberty, an unaffiliated defendant in the MDL, against which the tort plaintiffs have brought suit and who require comparable access. In short, the Motions should be denied unless an order enters permitting full access by Liberty, including identifying information, for each tort plaintiff that has asserted or in the future asserts claims against Liberty.

3. Liberty filed a proof of claim against NECC as an unsecured creditor seeking contribution and indemnification in connection with the multi-district litigation pending in the District of Massachusetts arising from the PITWD Plaintiffs' use of NECC's products. *See* Claim Nos. 65-1 and 65-2; *see also* Case No. 1:13-md-002419-RWZ, *In Re: New England Compounding Pharmacy, Inc. Products Liability Litigation* ("MDL Action").

4. Currently, there are nineteen (19) individual complaints filed against Liberty in connection with the MDL Action. Liberty recently has been requested to accept service on three additional civil actions commenced or about to be commenced in Indiana ("the Liberty PITWD Plaintiffs"). Liberty has participated in the MDL Mediation Program despite never receiving any information regarding the PITWD Plaintiffs' alleged injuries and damages. However, the parties now have reached an impasse, and Liberty has withdrawn from the Mediation Program. Liberty

2

is now engaged actively in defending against the actions brought by certain of the PITWD Plaintiffs.

5. Liberty agrees with the Committee that the Bar Date Order contemplated that it may be modified to allow additional "permitted parties" to receive the PITWD Data. *See* Dkt. No. 582. Paragraph 7 provides that the PITWD Data may also be produced to:

> **Such other persons as this Court hereafter determines should have the information in order to evaluate the PITWD Claims**, including, without limitation, and if so ordered by an order hereafter entered by this Court, the parties to the Mediation.

*See id.*, ¶ 7 (emphasis added).

6. Liberty requires access to the PITWD Data for the same exact reasons as the Committee and Lead Counsel – to evaluate the alleged injuries and damages of the Liberty PITWD Plaintiffs. Liberty requires this information to evaluate case strategy and settlement demands, prepare its defense in the MDL Action, and evaluate any proposed distribution matrix that may be presented in connection with a proposed Plan.

7. Liberty does not have access to the information that forms the basis for the very claims the Trustee, Committee, and Lead Counsel, asked it to settle. Liberty has no information regarding either the nature of the alleged injuries or the treatment received to date, or any other information regarding alleged damages. Therefore, Liberty has no way of knowing the value of the claims alleged by the Liberty PITWD Plaintiffs. Should the parties resume settlement talks, Liberty cannot estimate how much it should contribute to a settlement when it does not have the information needed to assess the value of the underlying claims.

8.  While Liberty eventually may be able to obtain discovery from the PSC in the MDL Action,[1] as noted by Lead Counsel, the PITWD Data is the "only comprehensive source" of information regarding the nature, extent, and number of injuries suffered by the Liberty PITWD Plaintiffs. *See* Dkt. No. 816 at 3. Liberty requires such information to prepare its defense in the MDL Action. It will be unfairly prejudiced if it is deprived access to the same information that so comprehensively provides information regarding the nature and extent of the claims against which it is defending.

9.  Furthermore, if Liberty, as a general unsecured creditor, is called upon to approve confirmation of a proposed plan resolving the PITWD Plaintiffs' claims, then Liberty too must have access to the information used to determine the "fair distribution" of those funds. Like the Committee, Liberty will also be at a "distinct disadvantage" should it be asked to vote to confirm a plan that includes language regarding the satisfaction of such claims, and providing third-party releases, when Liberty has no knowledge or information regarding the underlying claims and the extent to which they may or may not be satisfied.

10. Considerations of fairness and justice dictate that the PITWD Data should be disclosed more broadly than to only the Committee and the PSC. Liberty requires access to the information for the exact same reasons as the Committee – to make meaningful decisions after evaluating critical information pertaining to the underlying claims. Because the Motions fail to seek the relief needed to encompass Liberty as a creditor that may receive access to the PITWD Data, the Motions should be denied unless broader relief is granted. In the alternative, the

---

[1] The parties need to hold a Rule 16 Scheduling Conference and agree on a timeline for written and document discovery, depositions, expert disclosures, and the timing and selection of Bellwether trials, among other tasks.

Motion should be allowed, but more broadly than originally construed, and encompass Liberty and other similarly situated creditors as well, not only the Committee and PSC.[2]

11.     Liberty respectfully requests entry of an order substantially in a form attached hereto as Exhibit A, authorizing Liberty to obtain access to confidential information provided by tort claimants who asserted claims against Liberty in their Proof of Claims and PITWD Addenda.

Respectfully submitted

LIBERTY INDUSTRIES, INC.,
By its attorneys,

*/s/ Peter G. Hermes*
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Scott S. Spearing, BBO No. 562080
sspearing@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
  & SPEARING, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110
(617) 728-0050 (T)
(617) 728-0052 (F)

Dated: June 13, 2014

**CERTIFICATE OF SERVICE**

Pursuant to Rule 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts, I hereby certify that this document is filed through the ECF system, and served electronically on all parties of record registered with the Court's electronic filing system, on June 13, 2014.

*/s/ Peter G. Hermes*
Peter G. Hermes

*G:\DOCS\DER\Cases\Great American\Liberty Industries\Bankruptcy\Response to MTNs for PITWD 6.13.14.docx*

---

[2] Liberty seeks access to only PITWD Addenda for those PITWD Plaintiffs that currently (or in the future) assert claims against Liberty in complaints filed in the MDL. *See* Appendix, attached hereto, for a listing of current complaints. The information sought would be kept confidential as required by the Bar Date Order, ¶ 6.

5

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NEW ENGLAND COMPOUNDING ) | |
| PHARMACY, INC., ) | Case No.: 12-19882 (HJB) |
| ) | |
| Debtor. ) | |
| ) | |

**[PROPOSED] ORDER ON MOTIONS FOR DISCLOSURE OF
PITWD ADDENDA AND DOCUMENTS [DKT NOS. 791 AND 816]**

Upon the Motions of the Committee of Unsecured Creditors [Dkt. No. 791] and of Lead Counsel for the Plaintiffs' Steering Committee [Dkt No. 816], and Creditor Liberty Industries, Inc.'s Response to the Motions, for entry of an order authorizing access to confidential tort claimant's information submitted in support of their Proofs of Claim and PITWD Addenda, and this Court's having jurisdiction over the Motions and Response, and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motions and Response and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motions and Response having been provided; and it appearing that no other or further notice need be provided; and after hearing on oral argument before me to resolve any objections; and this Court having found and determined that the relief sought in the Motions and Response is in the best interests of the Debtor, its estate, and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motions and Response establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

1. ORDERED that, provided the Members' Representatives of the Official Committee of Unsecured Creditors, Members' Representatives of the Plaintiffs' Steering Committee, Liberty Industries, Inc. and other similarly situated tort defendant creditors ("Tort Deft. Creditors"), have executed the requisite confidentiality agreement provided by the Trustee, Committee Counsel shall be authorized to provide to the Members' Representatives and the Tort Deft. Creditors, and Lead Counsel for the PSC shall be authorized to provide to the Members' Representatives, upon request, on an "Attorneys' Eyes Only" basis, the confidential information contained in tort claimants' Proofs of Claim, PITWD Addenda, and any and all supporting documents ("Confidential Information"); and it being further

2. ORDERED that the Confidential Information shall be held and treated as confidential by the Members' Representatives of the Official Committee of Unsecured Creditors and of the Plaintiffs' Steering Committee, and the Tort Deft. Creditors, and as such they are prohibited from disclosing the Confidential Information; and it being further

3. ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2014

_____
The Honorable Henry J. Boroff
UNITED STATES
BANKRUPTCY COURT